JAMES KINNEY

*v.*

STATE OF ILLINOIS.

*Opinion filed May 22, 1914.*

FEES AND SALARIES—*sum appropriated limits amount of, in absence of other statute.* Claimant acted as clerk for the State Board of Equalization, and worked more than the usual number of hours per day. The statute allows $5.00 per day, and the proof shows he worked 153 days and was allowed $825.00 by an appropriation made by the legislature. *Held,* that no recovery could be had.

Adolph Bernard, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Claimant was employed as a clerk of the State Board of Equalization, during the last five months of the year 1912. He spent practically all of his time doing clerical work for the Committee on Assessment of Railroad Property, and in the course of his employment worked more hours per day, than is usual in this line of employment.

The statute fixes the salary for clerk hire at five ($5.00) dollars per day, for this class of work, but owing to the fact, that the clerks on this committee had worked considerable overtime, the Board of Equalization, on the fourth day of December, 1912, adopted a report and resolution of the Committee on Assessment of Railroad Property, which recommended that each clerk be allowed compensation for two hundred (200) days.

The claimant was actually employed one hundred fifty-three (153) days, for which he received eight hundred twenty-five ($825.00) dollars, but in view of the resolution adopted by the Board of Equalization, he filed his claim for one hundred seventy-five ($175.00) dollars, which would make up for the two hundred (200) days at five ($5.00) dollars per day. The legislature made an appropriation of eight hundred twenty-

five ($825.00) dollars, to cover his salary in this case, which is sixty ($60.00) dollars over and above the regular rate fixed by statute, and claimant received and accepted same.

We know of no law binding the State for claims of this kind, and taking into consideration the fact, that the claimant received for his services an amount in excess of that authorized by statute (chap. 120, par. 116, Hurd's Revised Statute, 1911), we are of the opinion, that this claim should not be allowed.

The claim is accordingly rejected.